**In re Jonathan J. EZER, Respondent.**

**Nos. 00–BG–1422, 01–BG–62.**

District of Columbia Court of Appeals.

Submitted Dec. 18, 2001.

Decided Jan. 31, 2002.

Before TERRY and RUIZ, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM.

Respondent Jonathan J. Ezer was permitted to resign the practice of law in lieu of discipline pursuant to Rule 2.14 of the Rules of the Supreme Court of Hawaii by order issued on September 29, 2000. Under Rule 2.14(d) of the Hawaii Rules, resignation in lieu of discipline is treated as disbarment for all purposes. Respondent pleaded no contest to the offense of forgery in the second degree, a Class C felony. His plea was accepted by the Circuit Court of the First Circuit of the State of Hawaii on January 15, 1999, under a procedure which permits deferral and possible avoidance of a final judgment upon satisfaction of specified conditions.

Respondent's disbarment was reported to this court, and on November 13, 2000, we temporarily suspended him pursuant to D.C. Bar R. XI, § 11(d), and directed the Board on Professional Responsibility to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline. On January 31, 2001, the court entered an order suspending respondent pursuant to D.C. Bar R. XI, § 10(c), and directed the Board to institute a formal proceeding to determine the elements of the offense for the purposes of determining whether the crime involves moral turpitude within the meaning of D.C.Code § 11–2503(a). The court consolidated respondent's two pending disciplinary matters. As to respondent's resignation from the practice of law in lieu of discipline, accepted by the Supreme Court of Hawaii, the Board recommends the identical reciprocal discipline of disbarment. As to respondent's plea of no contest to second degree forgery, the Board declined to recommend discipline at this time due to the absence of a judgment of conviction with respect to the underlying criminal matter. Bar Counsel does not object to the Board's Report and Recommendation. Respondent did not respond to the Statements of Bar Counsel filed in the consolidated matter and has not filed any exceptions to the Board's recommendation.

Reciprocal discipline is mandatory unless an attorney demonstrates, by clear and convincing evidence, a procedural defect or a disciplinary disparity between the respective jurisdictions. D.C. Bar R. XI, § 11(c). Rule 2.14 of the Hawaii Rules is substantially similar to D.C. Bar R. XI, § 12, which provides for consent to disbarment. The record in this case does not reveal any of the conditions enumerated in D.C. Bar R. XI, § 11(c), that might make reciprocal disbarment inappropriate. Given the rebuttable presumption in favor of identical reciprocal discipline, and our heightened deference to the Board when its recommendation is unopposed, we adopt the Board's Report and Recommendation. *See* D.C. Bar R. XI, § 11(f); *In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995). Accordingly, it is

ORDERED that Jonathan J. Ezer is disbarred from the practice of law in the District of Columbia, and his name shall be stricken from the roll of attorneys authorized to practice before this court. We note that the period of time prescribed by D.C. Bar R. XI, § 16(c) after which respondent may apply for reinstatement shall not begin to run until respondent

files an affidavit as required by D.C. Bar R. XI, § 14(g).

*So ordered.*